KATE STEWART v. L. FRINK.

*Highways—User—Dedication.*

1. A street in a town may become a public highway by the continued use of it for twenty years. Such use must be adverse and of right, and not by the tacit or express permission of the owner.

2. In order to show such adverse user, it is necessary to show that the public authorities have done some act, such as keeping it in repair, to put the owner on notice.

3. The mere use of a way over land for a long number of years, does not constitute it a highway, nor does a mere permissive use of it imply a dedication. The use must be adverse to the owner, and as of right, manifested by some appropriate action of the proper public authorities.

(*State* v. *Purify*, 86 N. C., 681 ; *Kennedy* v. *Williams*, 87 N. C., 6 ; *State* v. *McDaniel*, 8 Jones, 284 ; *Boyden* v. *Achenback*, 79 N. C., 540, cited and approved).

Motion to continue an injunction to the hearing, made in a cause pending in the Superior Court of BRUNSWICK county, heard before *MacRae, Judge,* at Chambers in Lumberton, April 14, 1885.

The facts appear in the opinion.

His Honor granted the motion, and the defendant appealed.

*Messrs Waddell* and *Elliott,* filed a brief for the plaintiff.
*Mr. P. D. Walker,* for the defendant.

MERRIMON, J.　A road, way, or street in a town, may become a *public highway* by the continued use of it by the public for twenty years, not simply by permission, tacit or express, of the owners of the land over which it passes, but adversely to them, and as of right. That is, the proper public authorities must have exercised authority and control over it in some way to be seen, as by superintending and keeping it in proper repair, adversely to the owners of the land. The presumption of right in favor of the public, will not arise, unless the proper public authorities, as authorized by law, shall do something that puts

the owner of the land on notice that his right is denied, and to assert the same by action, if he shall desire or see fit to do so. It would be unjust, as well as ungracious, to take advantage of his generous permission to use his land for public convenience, and the law will not allow this to be done.

When, however, the public assumes and exercises authority and control over the road, and the owner of the land makes no opposition, and twenty years elapse, conclusive presumption arises against him in that respect. Hence, in *State* v. *Purify*, 86 N. C., 681, the Court says: " A *public highway* is one established by public authority, and kept in order by the public, under the direction of the law ; or else it is one used generally by the public for twenty years, and over which the public authorities have exercised control, and for the reparation of which they are responsible."

In *Kennedy* v. *Williams*, 87 N. C., 6, Justice RUFFIN said : " According to the current of decisions in this Court, there can be in this State no *public highway*, unless it be one either established by the public authorities, in a proceeding regularly constituted before a proper tribunal, or one generally used by the public, and over which the proper authorities have exerted control for the period of twenty years ; or one dedicated to the public, by the owner of the soil, with the sanction of the authorities, and for the maintenance of which they are responsible." It may be added, that other highways may be established by legislative enactment. All the decisions of this Court are to the same effect. *State* v. *McDaniel*, 8 Jones, 284 ; *Boyden* v. *Achenbach*, 79 N. C., 540. Now, applying what has been said to the present case, it seems to us, that the plaintiff has failed to show that she is entitled to the provisional relief she demands. It is not contended that the street or way in question, was established under any town or county authority, as allowed by statute. It is not alleged in the complaint, nor does it appear from the affidavits produced in support of the motion for an injunction, that the public used it adversely to the owners of the land over

which it passes, as of right. Indeed, so far as appears, while it had been used generally, as a convenient pass-way, no public authority—county or town—had ever exercised any supervision or control over it at all. The use of it—which had been for a great many years—forty or fifty—was simply permissive on the part of the owners of the land. No public authority ever assumed supervision or control over it, or kept it in repair. It was an open way, immediately along the river front or beach, that everybody, who chose to do so, passed over at will, but not as of right.

The mere fact that the defendant knew that the people generally passed over the way, and that he occasionally passed over it himself, cannot, as seems to be intended, be created as a dedication of his land to the purpose of a highway. *Boyden* v. *Achenbach, supra; State* v. *Jones, supra.*

A dedication of land to the purpose of a *highway*, must appear by some act of the owner of it, that indicates expressly or by plain implication, a purpose to create a *right* in the public to use it adversely to him, and as of right. He must do some act that indicates his concession, and yields the use of the land for such purpose, and the proper public authority must, in some way, take control over it, thus manifesting a recognition and acceptance of the owner's dedicatory concession. The mere use of a way over land, does not constitute it a *high way*, nor does a mere permissive use of it imply a dedicatory right in the public to so use it. The use must be adverse to the owner, and as of right, manifested in some appropriate way by the properly constituted public authority.

It appears from the plaintiff's complaint, and as well from the affidavits produced by her, that the way in question was not a *high way*, and her supposed right therefore, has no existence. She alleges no cause of action, and therefore the injunction was improvidently granted.

It would seem that the way ought to be a *highway*, but whether it ought or not, is not a question for our decision—it is

our province to simply declare and apply the law. If the proper authorities of the town deem it necessary to make it so, they can easily do so.

The order granting the injunction must be reversed, and to that end, let this opinion be certified to the Superior Court of the county of Brunswick. It is so ordered.

Error.                                                    Reversed.