A. J. McALPINE, Executor of GEO. W. BRITTAIN, et al., v. JAMES DANIEL.

*Will—Executors and Administrators—Parties—Deed—Possession—Assets—Damages—Action to Recover Land.*

1. Pending an action to recover land, B., the plaintiff, died, leaving a will, wherein he provided that his wife should have the use of specific personal property and the rents and profits of his real estate, to be paid to her by the executor for her life, or widowhood, the executor to " have charge of the renting and letting of the same," and after the death or marriage of the wife, the executor was directed to "sell off all my property, real and personal, and reduce my property of every kind to cash": *Held*, that the executor was properly made party to the action because the terms of the will vested in him the right to possession; and further, if that was not so, he was entitled to the damages which might be recovered up to the death of the testator for withholding the land.

2. Where B. entered upon a tract of land under a deed which conveyed but a life estate in consequence of the omissions of the necessary words to pass the fee—there being no proof that any estate was reserved to the grantor—but he and his vendor had been in the open, notorious and continuous possession thereof, claiming to fixed boundaries for more than twenty years, the title being out of the State: *Held*, that he thereby acquired the title in fee, irrespective and independent of the life estate passing by virtue of the deed.

3. The introduction of unnecessary parties into an action will not defeat the right of those entitled to recover.

This is a CIVIL ACTION, which was tried before *MacRae, J.*, at March Term, 1888, of BUNCOMBE Superior Court.

The material facts of the case, so far as deemed needful to be reproduced in order to a correct understanding of the rulings and exceptions brought up for review by the present appeal, will be found in the opinion of our late Associate, Mr Justice ASHE, delivered when it was formerly before us— *Brittain* v. *Daniel*, 94 N. C., 781.

The original plaintiff, George W. Brittain, died thereafter, leaving a will, which has been admitted to probate and the executor and executrix therein appointed, to-wit: J. J. Fox and Rebecca A Brittain, having renounced the trust, the remaining executor, A. J. McAlpine, alone took out letters testamentary, and became a party to the action in place of his testator, and filed an additional complaint, to which an answer was filed; and from the pleadings were eliminated and submitted to the jury issues which, with the responses to each, are as follows:

1. Is the plaintiff the owner and entitled to the possession of the first tract described in the complaint, or any part thereof; and if a part, what part?

Answer. Yes; to the whole.

2. Does the defendant wrongfully withhold possession thereof from the plaintiff?

Ans. Yes

3. What damage, if any, has the plaintiff sustained by reason of such wrongful withholding?

Ans. Forty dollars

4. What damage, if any, has the plaintiff sustained by reason of the wrongful withholding of the other tract described in the complaint?

Ans. Forty dollars.

It was conceded that the State had parted with the title to the land in dispute, and among the muniments of that alleged to be vested in the testator, the plaintiff exhibited a deed from one Joseph Eller to his testator, dated on March 10th, 1838, which, upon the former appeal, was declared, for want of words of inheritance, to pass an estate for life only

He also offered the will of George W. Brittain, the provisions of which, with the codicils, so far as they bear upon the present controversy, are these:

"4. I will and bequeath to my dearly beloved wife, Rebecca A., in the event she survives me, my house and lot in the county of Henderson, in said State, lying and being in the town of Hendersonville, known as the Garren lot, and containing about one acre, to her and her heirs forever in fee simple. I also give to my said wife all my household and kitchen furniture, and so much of my other personal property as, in the judgment of my executors, may be necessary for her support and maintenance, to be used by her only as long as she shall remain unmarried and shall reside on my house place on Flat Creek, in the said county and State, which household and kitchen furniture and personal property for her maintenance shall, at the death of my said wife, return to my estate and be disposed of by my executors with my other property.

My said wife shall also have and receive from my said house place the rents and profits thereof, to be paid over to her by my executors, who shall have charge of the renting and letting of the same; but she shall only receive such

rents and profits so long as she shall remain on such house place and continue unmarried. In the event she remain unmarried and live upon said house place, then the said rents and profits shall be paid to her during the term of her natural life.

5. It is my will and desire that, after the death of my said wife, or after her marriage again after my death, or after she shall remove her residence from my said house place, my executors sell off all my property, real, personal, * * * * * * and reduce all my property of every kind to money, &c., &c., and collect all debts due and owing to me."

The heirs at-law of the testator were made parties plaintiff over an objection as to the time when it was done, and the absence of evidence of their relations to the deceased. The facts connected with this action of the Court are these:

At December Term, 1887, the plaintiff obtained leave "to make new parties, if desired," and also "amend their complaint at the next term."

This was not done until the trial of the cause had been entered upon and the jury empaneled, when application was made to the Court to introduce the heirs of the testator among the plaintiffs, and denied. After two days' progress in the trial, the Court reconsidered its action and gave leave to amend as proposed. Thereupon defendant's counsel demanded the production of authority from the heirs to make them parties, and plaintiffs' counsel, not having such, were allowed to obtain and file such form at any time during the term.

At the close of the argument, such written authority was produced from persons claiming to be the heirs-at-law, and they, coming in as co-plaintiffs, filed their amended complaint.

Defendant's counsel objected generally—on what ground is not stated—and were permitted to draw up their specific

objections at their convenience, and did so when the case was prepared for the Supreme Court.

They are thus stated:

1. There is no evidence that the parties are heirs-at-law.

2. The said George W. Brittain having been dead more than a year, his heirs can only come into the cause upon a supplemental complaint.

3. The interest of the heirs, if any they have, in the estate is paramount and adverse to that of the executor, and adverse also to that of the defendant, and their admission would be to change the action.

4. Neither the heirs or executor are entitled to possession under the will, but the widow only.

The plaintiff introduced a grant issued on December 31st, 1796, to John Gray Blount, and many other deeds by which to locate the deed aforesaid from Eller. He also read in evidence to the jury, and introduced witnesses whose testimony tended to show that the land in dispute was covered by those deeds; that Eller had been in possession for fifteen years before his conveyance to the testator Brittain in 1838, and that the latter at once entered into possession by Eller's surrender, and had continued thence to hold adversely until a short time before commencing the present action, when the defendant took possession.

The defendant offered in support of his claim of title:

1. A grant to John Dillard, issued on March 28th, 1808, for sixty acres.

2. A deed from John Dillard to William Pickens, dated October 19th, 1821, for the same tract.

3. A deed from William Pickens to Adam Eller, of August 14th, 1826, conveying the same land.

He further offered much testimony to prove that the land in dispute was covered by these deeds and the exercise of acts of ownership under claim of title on the premises by

said Adam Eller, and in disproof of adverse possession in Brittain for twenty years.

The action was begun on October 21st, 1880, so that possession of the land has been in Joseph Eller and the testator, according to the plaintiff's witnesses, for the space of about forty-two years — a period sufficient to raise the unrebuttable presumption, in the absence of proof of an express grant, of the divesting of the legal title out of the State.

The defendant asked the following special instructions:

1. That under the last will and testament of George W. Brittain, deceased, the plaintiff is not entitled to the possession of the land in controversy in this action, and he cannot recover.

2. That the plaintiffs in this action rely for their recovery upon the deed from Joseph Eller, made in 1838, to George W. Brittain, which only conveys a life estate to Brittain; that before he can recover in this suit, he must show by a preponderance of proof to the jury that since the death of Brittain he, and those under whom he claims, have been in the actual occupancy of the said sixty-acre tract of land for twenty years.

3. That the plaintiffs have offered no color of title to the land in controversy for a longer period than the life of George W. Brittain, and, not having had a twenty-years' possession since said Brittain's death, the plaintiffs cannot recover.

4. That the plaintiff claiming under George W. Brittain, who had only a life estate, cannot repudiate his title, or claim that the same, by possession, ripened into a fee, or that he entered not under the deed for life, but as a trespasser, but he must stand by the title under which his testator entered, and unless after the expiration of such life estate he can show that he occupied the land for twenty years, unbroken, he cannot recover in this action.

His Honor declined to give any of the foregoing instructions to the jury, and the defendant excepted.

His Honor, among other instructions to the jury, charged them as follows:

"Plaintiff contends that he has proven that the tract of land in controversy was conveyed by Joseph Eller, on the 10th of March, 1838, to George W. Brittain, who was the plaintiff in this action, and that said George W. Brittain immediately entered into the possession and held the same until the entry of defendant, a short time before the beginning of this action.

It seems to have been determined by the Supreme Court that this deed only conveyed to Brittain a life estate in the land, and that he cannot, under this deed, recover an estate in the land in fee as demanded in the complaint, and, in subordination to this determination, I so instruct you.

Plaintiff says, however, that even if this is true that he has shown uninterrupted possession in Brittain and in Joe Eller for a period of twenty years, and that even though he may not be entitled to the fee of this land by virtue of this deed, yet, because of his long adverse possession, he is presumed in law to be in under a deed conveying to him a good title in fee simple.

If the plaintiff has satisfied you of the location of the land claimed by him, has he further satisfied you that Brittain has had the open, notorious, continuous, adverse possession of the land, using it as his own, either for the cutting of timber, the taking of fire-wood, the cultivation of the soil, or for any or all of these purposes, in G. W. Brittain and under those whom he claims, for twenty years, not counting the time between May 20th, 1861, and January 1st, 1870, such acts to be so repeated as to show they are done in character of owner and not of an occasional trespasser? If he has been in such possession the law will presume that he has a good title in fee simple for the lands so occupied by him, having no deed in fee simple by which, with possession, he would have a colorable title only for such land as he may have had in actual possession—that is, such as he exercised

ordinary acts of ownership over from time to time, as he had occasion to do, occupying part and claiming the whole under visible lines and boundaries, and using the same as his own."

To so much of this charge as stated that the plaintiff might show title by possession after having entered under a deed conveying to him a life estate, and while being in possession of the land under said deed, the defendant excepted.

Judgment being rendered on the verdict for the plaintiff, the defendant appealed.

*Messrs. F. A. Sondley* and *Charles A. Moore*, for the plaintiff.
*Mr. Geo. A. Shuford*, for the defendant.

SMITH, C. J. (after stating the case.) The provisions of the will are recited to show that the testator contemplated his executors' taking possession of his land as essential to the execution of the trusts with which he clothed them, and the reason why the plaintiff should be a party to the action in order to recovering possession.

If the executor were not a proper party for such purpose, and there were no testamentary dispositions of the real estate requiring him to be present in the action, he should be, for the recovery of the damages sustained up to his testator's death, since they, as part of the personal estate, devolved on him in his representative capacity.

The heirs-at-law are also made parties, and any objection on this ground is thus removed.

1. We have already said that the executor would be entitled to carry on the suit, if only to recover the damages, but we think he has also a right to recover possession, assuming the title to have been vested in the testator at his decease, since only thus could he control the property, and by " the renting and letting of the same" have and receive rents "to be paid over to him " for the widow, as required under the will.

2. The introduction into the cause of the said heirs is unnecessary, but the result of abundant caution, impairs no defence open to the defendant, and works no injury to the plaintiff executor.

3. The appropriate time to make objection to the admission of a new party to the record, because of there not being any suggested relation to the cause or subject matter of the suit, is when the motion is made to admit. It is somewhat uncertain, on the record, when the objection in this case was made, but it is not material, since for the reasons stated, the executor, under clear indications of the will, must have possession in order to carry out the testator's direction, and no harm can come to the defendant from the action of the Court.

4. The next inquiry is as to the title to the tract of 175 acres mentioned and defined in the deed, made on March 10th, 1838, by Joseph Eller to the plaintiff's testator.

We find no error in the refusal to give to the jury the instructions asked, nor in the directions given instead, in which, in our opinion, the law is correctly laid down for their guidance. The charge is strictly warranted by the ruling upon a very similar state of facts in *Osborne* v. *Anderson*, 89 N. C., 261, so ruled upon former hearing of this case, 94 N. C., 781. It is there said that "the title has thus been divested out of the State and put in the possessor, unless Joshua Cox (the bargainor), or some one succeeding to his estate, can show a larger estate than that conveyed to Moses Dixon (the grantee) reserved, against which the possession of the latter would be inoperative to defeat a recovery by one in whom the reversion is vested. But there is no such claim asserted or suggested, and hence the long occupancy of the land with limits defined in the deed, irrespective of the latter as color of title, becomes itself an independent source of title in Dixon, which descended to his son." See also *Fisher* v. *Mining Co.*, 94 N. C., 397, affirmed on rehear-

ing, 97 N. C., 95. In that as in this case the defect in the deed was the absence of words of inheritance, and it is held that an occupancy of upwards of thirty years put title in the occupant, in the want of proof that any estate was reserved in the grantor, or that he did not convey all that he had to the grantee. There is no error, and the judgment must be affirmed.

Affirmed.