STATE v. JAMES WOLF.

*Criminal Law—Common Nuisance—Public Road.*

1. Where, in the trial of an indictment for creating a common nuisance
   by maintaining a slaughter-pen, there was no testimony showing
   that the community generally were annoyed or affected injuriously
   by the noxious odors complained of, the Court properly declined
   to submit to the jury the question whether such an injury to the
   residents of the neighborhood as amounted to a public nuisance
   had been shown.

2. The mere use of a way for twenty years by persons generally, for
   vehicles or traveling on foot, does not constitute it a public *high-
   way*, nor in the absence of evidence of condemnation or actual
   dedication does the fact that the public have exerted control over
   it for any period less than twenty years tend to show that an
   easement has been acquired by user, which raises the presumption
   of a grant.

3. To sustain an indictment for keeping a slaughter-pen producing offensive odors, constituting a public nuisance to all citizens passing along an adjacent public road, it is necessary to prove that the road upon which the citizens were annoyed was a public highway.

4. Where, on the trial of an indictment for creating and maintaining a common nuisance to persons "passing along a common road and public highway," there was no evidence tending to show that any person while passing along the road was actually annoyed or that the public had acquired an easement in such road, the Court erred in failing and refusing to instruct the jury that the defendant was not guilty in any aspect of the testimony.

INDICTMENT for creating a common nuisance by causing unwholesome odors at a slaughter-pen, tried at April Term, 1892, of BUNCOMBE Criminal Court, before *Carter, J.*

The charge in the indictment concluded, "to the great damage and common nuisance of all good citizens of the State going, returning and passing through and along the said common road and public highway and being and residing near thereto."

The testimony was as follows: E. W. Britt testified for the State that the defendant's slaughter-pen had been built for three years on defendant's own land and was owned and controlled by the defendant; that it was two hundred and seventy-five feet from his house and three hundred and eighty feet from the road; that the road has been continually used for more than twenty-five years; that he smelt the odor, which was very bad, on this road several times. Upon cross-examination the witness stated that the road had not been changed at this place since he had known it twenty years ago, and he could see signs of the old road there, but it might have been changed at this point inside of twenty years, and that "We have had to work the road ever since I have been there, four or five years."

This witness, after objection by defendant, was further permitted to testify that the condition of the slaughter-pen

last summer was such as to be very offensive at his house. The defendant excepted upon the ground that the slaughter-pen might constitute a nuisance at witness's house and not constitute a nuisance on the road, and therefore the statement of the witness was not material. The Court admitted this testimony only as a circumstance which the jury might consider in determining whether or not the odor from the pen could be smelt at the road and be offensive there, and the Court instructed the jury to consider it only for that purpose.

J. W. Queen testified for the State, after objection by defendant, that Britt (the former witness) had said to him last summer that he could not live there if something was not done about the pen. Defendant excepted upon the ground that the statement was made after the controversy between Britt and the defendant arose about the condition of the pen.

Dr. J. H. Williams (admitted to be an expert) was permitted to testify for the State, after objection by defendant, that he noticed the smell from the slaughter-pen last summer at Britt's house, and that it was very offensive there, and that it was of decayed offal and dead animals. Defendant excepted upon the ground that the condition at Britt's house was no proof of a nuisance on a public road elsewhere. This testimony was admitted only for the same purpose as witness Britt's on the same point.

This witness was further permitted, after objection by defendant, to testify that he told Britt that the smell was so offensive it would make his family sick. Defendant excepted for that the testimony was not material. He was further permitted to testify, after objection by defendant, that in his opinion the odor was unwholesome at Britt's house, and would produce disease. Defendant excepted for the reason that this was not testimony to show a nuisance

on a public road elsewhere. The testimony was admitted for the purpose mentioned above as to similar testimony of other witnesses.

W. O. Burnett was permitted to testify for the State, after objection by defendant, that about a year ago Britt said to him that the odor was so offensive from the slaughter-pen that he could not live at his house, two hundred and seventy-five feet away. The testimony was admitted only to corroborate Britt. The defendant excepted upon the ground that the statement was made after the controversy arose about the condition of the pen.

The defendant excepted to the charge of the Court for that the Court instructed the jury that if the defendant allowed his slaughter-pen to be and remain in such condition that the stench arising therefrom seriously annoyed the public traveling said highway, he would be guilty; that it was not necessary for the public to be actually present on said highway, but that if such of the public as did travel said highway were seriously annoyed and inconvenienced by said odors the defendant would be guilty. No question was made on the trial as to whether or not this was a public highway, nor did the Court charge the jury whether or not it was a public highway according to the evidence, nor did it tell the jury what constituted a public highway, nor did the defendant request the Court so to do, but the charge was based upon the idea that the road was a public highway. The defendant excepted for that the Court did not instruct the jury as to what constitutes a public road, and did not tell the jury that the evidence did not show this to be a public road. There was a verdict of guilty, and the defendant appealed from the judgment rendered.

*The Attorney General* and *Mr. T. A. Jones,* for the State.
*Mr. Charles A. Moore,* for defendant.

AVERY, J.: There was no attempt to prove that any person other than the witness Britt lived in the vicinity of the slaughter-pen or was subject to annoyance at his house by the offensive orders emanating from it.  There was no testimony, therefore, tending to show that the community generally were affected injuriously by such noxious smells, and the Court very properly declined to submit to the jury the question whether such an injury to the residents of the neighborhood had been shown as amounted to a public nuisance.  *State* v. *Holman*, 104 N. C., 861.  The question whether Britt has sustained any wrong as an individual, for which he can maintain a civil action, is one that can be tested without invoking the aid of the criminal process of the State.

The Court, assuming that the road which ran within three hundred and eighty yards of the pen was a public highway, told the jury that "if such of the public as did· travel said highway were seriously annoyed and inconvenienced by said odors, the defendant would be guilty." It seems that the attention of the Solicitor was directed to the necessity of proving that the road had been devoted to public use, since testimony was offered tending to show that the location of it had not been actually changed at that point for more than twenty years, and that it had been worked as a public road for four or five years.  When objection was made to the admissibility of the testimony that Britt was annoyed by the noxious smell at his house the Court assigned as a reason for declaring the evidence competent that it tended to show the nuisance to persons passing on the highway.  There is no such offense known to the criminal law as a public nuisance to persons passing along a private country road, created by disagreeable or noxious smells.  2 Bishop Cr. Law, sec. 1266, 1.  It was therefore of the essence of the charge that the annoyance

should have been suffered by persons who were then using the road as a public highway. 1 Bishop, *supra*, sec. 531 (2), note 3. The mere use of a way for twenty years by persons generally for vehicles or traveling on foot does not constitute it a highway (*Stewart* v. *Frink*, 94 N. C., 487), nor, in the absence of evidence of condemnation or actual dedication, does proof that the public have exerted control over it for any period less than twenty years tend to show that an easement has been acquired by user, which raises the presumption of a grant. *Kennedy* v. *Williams*, 87 N. C., 6; *Boyden* v. *Achenbach*, 79 N. C., 539; *State* v. *McDaniel*, 8 Jones, 284; *State* v. *Johnston*, Phillips, 140; *State* v. *Long*, 94 N. C., 896. The guilt or innocence of one charged with a nuisance in obstructing a public road or creating an odor that is unwholesome or disagreeable to those who travel along it depends not upon the question whether all the inhabitants of the neighborhood are actually accustomed to travel over it, but whether they have a right to use it as a highway. 1 Bishop, *supra*, sec. 245; *State* v. *Smith*, 101 N. C., 550. If an indictment for obstructing the passage of a private cartway, or for creating odors offensive or noxious to those entitled to use it, would lie at all, it would be essential to charge and to prove that it had been "established by law" for a particular person or persons as a means of ingress and egress to and from a certain place. *State* v. *Purifoy*, 86 N. C., 681.

It is not necessary to discuss the other question to which our attention has been directed and which gave rise to an exception in the course of the trial; yet, if it should be proved or admitted on another trial that the road was a public highway, it might be well to consider whether testimony tending to prove that the odor of the pen was offensive to persons at a distance of two hundred and seventy yards from it should be submitted to the jury without

additional evidence to show that persons passing along a highway one hundred and ten yards further in the same direction were annoyed by it.

There was an absence of evidence tending to show either that any one while passing along said road was actually annoyed, or that the public had acquired an easement in it; therefore the prosecution has failed to make good an essential charge in the indictment by proving annoyance to persons passing along "a common road and public highway," and the Court erred in failing and refusing to tell the jury that the defendant was not guilty in any aspect of the testimony.

The verdict must be set aside and a

New Trial Granted.