Wille vs. Bartz and another.

WILLE, Respondent, vs. BARTZ and another, Appellants.

*October 3 — October 23, 1894.*

*Right of way: Gates.*

The owner of land subject to a right of way may maintain a gate across the way, if such gate is necessary to the reasonable use and enjoyment of his land and does not unreasonably interfere with the use of the way.

APPEAL from the Circuit Court for *Rock* County.

The plaintiff brought her action in justice's court against the defendants, *Julius Bartz* and *David Green*, for trespass on her freehold in Fulton, Rock county, lying on and along the east side of the public highway, in breaking down and removing a certain gate thereon between her lands and the lands of her husband immediately adjoining on the south,

and lying on and along said highway. The defendants, after setting up various matters in defense, interposed a plea of title to the *locus in quo*, and thereupon the action was certified to the circuit court for trial.

Trial of the issues by jury was waived, and, after hearing, the circuit court found, in substance, that April 1, 1890, one Saxby was the owner in fee of the premises in question, with other lands on the east thereof; that April 12, 1890, he sold and conveyed to Otto Schmelling the east five acres, being a strip fifty-two rods in length north and south, by fifteen rods six and one-third feet east and west, "together with the right of way, one rod wide, extending from the southwest corner of said five acres west along the north line of land owned by William Wille, to the public highway;" that April 20, 1890, said Saxby conveyed to the defendant *Julius Bartz* the remainder of said land, and adjoining that sold to Schmelling, of the same length and breadth, "excepting and reserving a right of way one rod wide along the south side thereof, and also including a right of way one rod wide from the southwest corner of said land, along and adjoining land of William Wille, to the public highway;" that on the 19th of July, 1890, said Saxby sold and conveyed to Elizabeth Green the east five acres of that part of said land still owned by him, of the length and width of that conveyed to *Bartz*, with a right of way one rod wide from the southwest corner of said five acres west to the highway, and excepting and reserving to all persons a right of way one rod wide on the south side of said five-acre tract; that on the 9th of October, 1890, Saxby sold and conveyed to Harry F. McLean the east part of that part of said lands then owned by him, and next adjoining that sold to Elizabeth Green, being of the same length and width as that sold to Schmelling, excepting a right of way one rod wide across the south end of said premises next to said Wille's land, and including a

right of way one rod wide from the southwest corner of said premises west to the highway; that on the 20th of April, 1892, Saxby sold, by contract, to the plaintiff the remaining part of said tract owned by him, and west of and adjoining that sold to said McLean, and extending to said highway on the west, excepting and reserving therefrom a right of way one rod wide along the south side thereof along the land of said William Wille; that all of said lands above mentioned were and are used for agricultural purposes only; that plaintiff's husband has a dwelling upon his land, located just south of the lands sold to the plaintiff by said Saxby, which he occupied with his family, and that there is no dwelling house upon either of said other pieces; that the public highway on the west of said lands passed from Indian Ford to Edgerton, but there was no highway on the east thereof; that a gate of the width of thirteen feet four inches had been maintained, since the spring of 1890, across the said right of way where the same enters said highway; that, after the plaintiff purchased her said parcel of land from Saxby, she caused a sliding and swing gate made of fence boards to be erected across said right of way and upon her east line, and it was by force and arms broken down and removed by the defendants, June 3, 1892; that it had a clear opening between posts of eleven feet and eight inches, and was amply wide for all purposes for which said lands, and each parcel thereof, had been and were used; that before its erection the plaintiff's husband had been notified by the defendants that they must not suffer their stock to pass over said right of way to and upon the land on the east, occupied by them, and to prevent said stock from so passing said gate was erected and maintained, and that there had not been at any time a fence along the north boundary of said right of way, and when the gate was erected, as well as when broken down by the defendants, there was no fence be-

tween land owned by the plaintiff and that owned on the south by her husband, William Wille; that the erection and maintenance of said gate was reasonable and necessary to the reasonable use and enjoyment of the plaintiff's land, and did not unreasonably interfere with the use of said right of way by the defendants; and that their acts in breaking down and removing it damaged the plaintiff in the sum of ten cents.

As conclusions of law it was found that the plaintiff had a right to erect and maintain the gate where the same was located, and that the act of the defendants in breaking down and removing it was illegal and wrongful, and that the plaintiff was entitled to recover the sum of ten cents for her damages, with costs to be taxed; and judgment was entered accordingly, from which the defendants appealed. The record does not contain any bill of exceptions setting forth the evidence or the defendants' exceptions to the findings.

For the appellants the cause was submitted on the brief of *Doe & Sutherland* and *T. S. Nolan.*

For the respondent there was a brief by *J. P. Towne* and *Winans & Hyzer*, and oral argument by *John Winans.* To the point that the erection of the gate by the plaintiff was lawful, they cited *Whaley v. Jarrett*, 69 Wis. 613; *Brill v. Brill*, 108 N. Y. 511; *Huson v. Young*, 4 Lans. 63; *Bakeman v. Talbot*, 31 N. Y. 366; *Baker v. Frick*, 24 Am. Rep. 506; *Sizer v. Quinlan*, 82 Wis. 390.

Pinney, J. 1. The finding of facts upon questions depending upon the weight of evidence, or upon what it establishes, will not be disturbed where the bill of exceptions does not show that it contains all the evidence given at the trial (*Daskam v. Beemer*, 64 Wis. 13); and exceptions to the finding as to the facts are not available on appeal unless incorporated in the bill (*Hoey v. Pierron*, 67 Wis.

263; *Koenigs v. Jung*, 73 Wis. 178). In such cases the only question in this court is whether the pleadings and findings sustain the judgment. *Blossom v. Ferguson*, 13 Wis. 75; *Cramer v. Hanaford*, 53 Wis. 85; *Edleman v. Kidd*, 65 Wis. 18.

2. The pleadings and facts found clearly sustain the judgment. The defendants had easements over the *locus in quo*, but the fee remained in Saxby, and subsequently passed to the plaintiff. Their rights are confined to a reasonable use of the way secured by the deeds from Saxby, the common grantor of both parties, in view of all the circumstances of the case and the use made of the premises affected by them. It is expressly found that the erection and maintenance of the gate was reasonable and necessary to the reasonable and necessary use and enjoyment of the plaintiff's land, and that it did not unreasonably interfere with the use of the right of way by the defendants. *Whaley v. Jarrett*, 69 Wis. 613; *Johnson v. Borson*, 77 Wis. 593; *Brill v. Brill*, 108 N. Y. 511, 517; *Sizer v. Quinlan*, 82 Wis. 390, 392. The latter case holds, as well, that the owner of the easement may not fence in the way and thereby exclude the owner of the fee from such uses as he may make of his land not inconsistent with the easement. The acts of the defendants in breaking down and removing the gate were therefore wrongful, and judgment was rightly given in favor of the plaintiff for her damages and costs.

*By the Court.*— The judgment of the circuit court is affirmed.