H. J. CHESSON v. LILLY JORDAN and L. P. JORDAN.

(Filed 3 May, 1944.)

**1. Easements § 3: Highways § 14—**

The recent use for an indefinite number of years of a neighborhood road across lands to a river, for purposes of hauling wood, boating, fishing and bathing, is no evidence of the existence of a public way.

**2. Highways §§ 6, 9—**

There can be in this State no public road or highway unless it be one either established by the public authorities in a proceeding before a proper tribunal; or one generally used by the public and over which the proper authorities have asserted control for a period of twenty years or more; or one dedicated to the public by the owner of the soil with the sanction of the authorities and for maintenance of which they are responsible.

**3. Easements § 3: Highways § 14—**

Permissive use of a road across the lands of another does not create a right of way. The user must be hostile in character, repelling the inference that it was with the owner's consent.

**4. Easements § 5: Highways § 14—**

The weight of authority gives the owner of lands, used for agricultural purposes and burdened with a right of way acquired by prescription, the right to erect gates across the way.

**5. Easements § 5: Highways § 13—**

Generally speaking, the nature of the easement acquired rather than the character of the use must control the rights of the parties. Hence, no hard and fast rule may be prescribed. Each case is controlled, in a large measure, by the particular facts and circumstances therein.

APPEAL by plaintiff from *Thompson, J.,* at December Special Term, 1943, of CAMDEN. New trial.

Civil action to recover damages for the unlawful destruction of a private gate and to restrain a trespass.

Plaintiff owns an "L" shaped tract of land on Pasquotank River. The lands of defendants fit into the inner angle formed by the northern and eastern lines of the plaintiff's tract so that the upright part of the "L" lies between the river and defendants' land, and the base section extends eastward toward Shiloh Road, and to the south of defendants' tract. There is a vehicular way leading from Shiloh Road to and along the southern edge of defendants' tract. This is used in going to and from the land both of plaintiff and of defendants.

Defendants contend that this way extends westwardly to the junction of the inner lines of the "L" and on across plaintiff's land to the river.

Plaintiff having theretofore fenced his property for use in raising livestock, erected a gate at the point where this road or an extension thereof reaches plaintiff's eastern line. Defendants, claiming the right to use the alleged way from the point the gate was erected on across plaintiff's land to the river, destroyed the gate thus erected. It was again erected and again destroyed. Thereupon, plaintiff instituted this action.

In the trial below issues were submitted to and answered by the jury in favor of defendants as follows:

1. Is the plaintiff the owner and in possession of the land described in the complaint?

Answer: Yes.

2. Are the defendants the owner of an easement over said land entitling them to use the lane in controversy without obstruction from the main Shiloh Road to Pasquotank River?

Answer: Yes.

3. If so, has plaintiff obstructed defendants in the use of said easement, as alleged?

Answer: Yes.

From judgment on the verdict plaintiff appealed.

*M. B. Simpson and John H. Hall for plaintiff, appellant.*
*R. Clarence Dozier for defendants, appellees.*

CHESSON v. JORDAN.

BARNHILL, J.   The exceptions entered and duly preserved by plaintiff present three questions for decision: They are: (1) Does the evidence establish a public way, to the unobstructed use of which defendants are entitled; (2) if not, is evidence of user by the public competent to establish defendants' right to a private way; and (3) does the owner of the servient estate have the right to erect a gate across a private way over agricultural land?

Defendants allege in defense the ownership of a private way, acquired by prescription, from their western line across plaintiff's land to the river.   The evidence offered consists almost entirely of testimony tending to show that the alleged pathway has been used for many years past by members of the public "going fishing."

Even so, waiving any variance between allegation and proof, the existence of a public way or road is not made to appear.   At most, nothing more than a neighborhood road is shown, and a neighborhood road is not a public road.   *Collins v. Patterson,* 119 N. C., 602.

According to the current of decisions in this Court there can be in this State no public road or highway unless it be one either established by the public authorities in a proceeding regularly instituted before the proper tribunal; or one generally used by the public and over which the proper authorities have asserted control for the period of twenty years or more; or one dedicated to the public by the owner of the soil with the sanction of the authorities and for the maintenance and operation of which they are responsible.   *S. v. McDaniel,* 53 N. C., 284; *Boyden v. Achenbach,* 79 N. C., 539; *S. v. Purify,* 86 N. C., 681; *Kennedy v. Williams,* 87 N. C., 6; *Stewart v. Frink,* 94 N. C., 487.

The mere use of a way over land by the public does not constitute it a highway.   Nor does the mere permissive use of it imply a dedicatory right in the public to use it.   The use must be adverse to the owner, and as of right, *manifested in some appropriate way by the properly constituted public authorities.   Hemphill v. Board of Aldermen,* 212 N. C., 185, 193 S. E., 155, and cases cited; *Collins v. Patterson, supra; S. v. Fisher,* 117 N. C., 733; *S. v. Wolf,* 112 N. C., 889; *Stewart v. Frink, supra.*

The record is devoid of any evidence tending to show that the proper public authorities at any time or in any way manifested any intent or purpose to claim the alleged way as a public road.   The mere fact that people generally passed over it and defendants themselves occasionally used it is insufficient to establish an easement in the public or to be treated as a dedication of plaintiff's land to the purpose of a highway.

The testimony relating to the use of the way by members of the public was admitted over objection and exception by plaintiff.   These exceptions must be sustained.

The defendants own a tract of land in the northern tip of the "L," a considerable distance from the point the alleged lane approaches the river. The evidence of user by defendants comes from the defendant, L. P. Jordan, who testified:

"I have got boats at the end of the road; I fish myself and rent my boats to people that go and want to use them in the summer time. I own a piece of woods back there and haul a load of wood once in awhile."

He testified further as to the use by the public that "people go in bathing right much down there, and it has been used for this purpose I guess 25 or 30 years."

Just how long defendants have been adjoining land owners and so used the land is not made to appear. Nor is it shown that such use has extended over a period of at least twenty years. The only claim of right they have made was made within recent years.

To supplement this rather meager evidence of adverse claim, the defendants seek to prove that members of the public generally have been using the way for forty or fifty years. But there is no evidence that it was being so used in connection with any property or business of defendants. Indeed, it was in part long before defendants became adjoining land owners.

Neighborliness is a virtue the law neither condemns nor penalizes. Hence, the user by defendants must be hostile in character, repelling the inference that it was permissive and with the owner's consent. And there must be evidence of such hostile use for the full period of twenty years. *Boyden v. Achenbach,* 86 N. C., 397; *Mebane v. Patrick,* 46 N. C., 23; *Smith v. Bennett,* 46 N. C., 372; *Snowden v. Bell,* 159 N. C., 497, 75 S. E., 721; *Weaver v. Pitts,* 191 N. C., 747, 133 S. E., 2; *Gruber v. Eubank,* 197 N. C., 280, 148 S. E., 246. This may not be established in behalf of defendants by proof of a wholly disconnected user by others. Evidence thereof was prejudicial to the plaintiff.

While the authorities are at variance as to the right of an owner of land burdened with a right of way acquired by prescription to erect gates across the way, the weight of authority is in accord with the holding that such a right exists in the case of agricultural land. 17 Am. Jur., 1012, sec. 122; 21 C. J. S., 770; Anno. 73 A. L. R., 788. See also *Alexander v. Autens Auto Hire,* 175 N. C., 720, 95 S. E., 850; *Jacobs v. Jennings,* 221 N. C., 24, 18 S. E. (2d), 715.

The right to an easement by prescription is founded on a fiction of the law that a grant was made but has been lost. But the law will not assume, in the absence of proof, that the owner of agricultural lands made a grant for mere ingress and egress, not appurtenant to any business or property, that substantially limits his use of his property for the purposes to which it is adapted.

Generally speaking, the nature of the easement acquired rather than the character of the use must control the rights of the parties. Hence, no hard and fast rule may be prescribed. Each case must be controlled, in large measure, by the particular facts and circumstances being made to appear.

Ordinarily, however, a mere private easement for the general purpose of ingress and egress over and across agricultural lands carries with it no implication of a right to deprive the owner of the servient estate of the full enjoyment of his property. It is subject only to the right of passage. Hence, he may erect gates across the way when necessary to the reasonable enjoyment of his estate, provided they are not of such nature as to materially impair or unreasonably interfere with the use of the lane as a private way for the purposes for which it has theretofore been used.

The easement here in controversy, if it in fact exists, is not a way of necessity. The land on the river at the end of the lane belongs to plaintiff. If defendants maintain boats for hire at that point, it is, so far as this record discloses, by permission. Plaintiff uses his land for agricultural purposes which requires fencing. To prohibit the erection of gates would deprive him of the reasonable use of his land. Thus the question of unreasonable obstruction is at issue and should be determined by the jury.

There was evidence that at one time more than fifty years ago a mill was located at the end of the lane on the river bank. Even so, if the owner thereof acquired a right of way appurtenant to his business the property now belongs to plaintiff, and that right has passed to him as the present owner of the fee.

For the reasons stated there must be a

New trial.