IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-503

No. COA20-322

Filed 21 September 2021

Alamance County, No. 17 CVS 1429

BRUCE TAYLOR AND SUSAN TAYLOR, Plaintiffs-Appellants,

v.

THOMAS HIATT, THOMAS R. HIATT and JEWEL HOLLARS, Defendants-Appellees.

Appeal by Plaintiffs from judgment entered 24 October 2019 by Judge D. Thomas Lambeth, Jr., in Alamance County Superior Court. Heard in the Court of Appeals 12 May 2021.

*Geoffrey K. Oertel for the Plaintiffs-Appellants.*

*Timothy W. Gray for the Defendants-Appellees.*

DILLON, Judge.

## I. Background

¶ 1     Plaintiffs, Bruce and Susan Taylor, own a tract of land in Alamance County. Defendants, Thomas Hiatt, his son Thomas R. Hiatt, and his son's partner Jewel Hollars, own a tract of land adjacent to Plaintiffs' tract.

¶ 2     Defendants have easement rights to a gravel road that extends across Plaintiffs' tract from Defendants' tract to a public road. A dispute arose between the

parties regarding the rights of the parties to the gravel road after Plaintiffs erected gates across the gravel road.

¶ 3        The present appeal is the second appeal of this matter to our Court.

¶ 4        Prior to the first appeal, the trial court granted Defendants' summary judgment, concluding that Plaintiffs were prohibited "from having any gates, bars, fences and the like upon [the easement]." Plaintiffs appealed that judgment. Our opinion in the first appeal is reported at *Taylor v. Hiatt*, 265 N.C. App. 665, 829 S.E.2d 670 (2019). There, we recognized that a portion of the easement was created in 1986 and that another portion of the easement was created in 2000. We further recognized that, based on the language used in the instruments granting the easement rights:

(1) Plaintiffs have no right to erect any gate over the portion created in 1986, as that grant contained language that the easement was to stay open; and

(2) Plaintiffs have the right to erect gates across the portion of the easement created in 2000, as that grant contained no language requiring that the easement remain "open." However, Plaintiffs' right is limited to erect gates on this portion "when necessary to the reasonable enjoyment of" their tract *and* provided that said gates "are not of such nature as to materially impair or unreasonably interfere" with the purpose of Defendants' easement rights. *Chesson v. Jordan*, 244 N.C. 289, 293, 29 S.E.2d 906, 909 (1944).

We held that summary judgment was not appropriate, as there was no evidence before the trial court showing *where* along the gravel road Plaintiffs had erected their gates. That is, there was no evidence showing whether the gates were erected on the portion created in 1986 or whether they were erected on the portion created in 2000.

We remanded for further proceedings.

¶ 5    On remand, the trial court conducted a bench trial.  At the trial's conclusion, the trial court entered its judgment, ordering Plaintiffs to remove the gates, declaring that "Plaintiffs are prohibited from installing gates across the road used by the Defendants[.]"  Plaintiffs appeal from that judgment.

## II. Analysis

¶ 6    When the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law are supported by those findings.  *Sharpe v. Park Newspapers of Lumberton*, 317 N.C. 579, 583, 347 S.E.2d 25, 28 (1986).

¶ 7    The trial court found that the gates were erected on the portion of the easement that was created in 2000, where the instruments creating those easements do *not* contain a requirement that the easements remain "open."  This finding is not challenged on appeal.  Notwithstanding, the trial court ordered Plaintiffs to remove the gates, concluding that Plaintiffs did not have the right to erect gates on any part of the easement.  We address each part of the trial court's order.

## A. Removal of Existing Gates

¶ 8    We affirm the portion of the trial court's order directing Plaintiffs to remove the existing gates.  The seminal case upon which we rely is *Chesson v. Jordan,* 224 N.C. 289, 29 S.E.2d 906 (1944).  In that case, our Supreme Court explained that a

private easement "carries with it no implication of a right to deprive the owner of the servient estate of the full enjoyment of his property" and "it is subject only to the right of passage." *Id.* at 293, 29 S.E.2d at 909. Accordingly, the estate owner "may erect gates across the way when [1] necessary to the reasonable enjoyment of his estate, [2] provided they are not of such nature as to materially impair or unreasonably interfere with the use of the lane as a private way for the purposes for which it has theretofore been used." *Id.* at 293, 29 S.E.2d at 909.

¶ 9        In its judgment, the trial court determined that Plaintiffs did not satisfy either of the two prongs necessary to establish a servient tract owner's right to erect gates on an easement created for the benefit of another. We address each prong below.

### 1. Reasonable Use and Enjoyment

¶ 10        As to the first prong, the trial court determined that "the gates erected by the Plaintiffs are not necessary to the Plaintiffs' reasonable enjoyment of their estate." Plaintiffs argue that the gates are an integral component of their fencing system necessary to contain horses on their agricultural land. We agree with Plaintiffs.

¶ 11        The undisputed facts in this case include that Plaintiffs use their tract for agricultural purposes (for keeping horses) that the Plaintiffs have fenced in their tract, and that the Plaintiffs have erected the gates to prevent their horses from escaping. Our Supreme Court has recognized that this type of use is reasonable:

> Plaintiff uses his land for agricultural purposes which

requires fencing. To prohibit the erection of gates would deprive him of the reasonable use of his land.

*Id.* at 293, 29 S.E.2d at 909. Other jurisdictions have likewise determined that a reasonable use of property includes the installation of gates on an easement by the owners of the servient estate for the purpose of containing their grazing animals.[1]

¶ 12 It may be, as Defendants argue, that Plaintiffs could reasonably contain their horses without fencing in the easement portion of their land. However, this argument misses the point that Plaintiffs are the fee simple owners of the easement land, and as such, have the right to make reasonable use of that land so long as said use does not unreasonably interfere with Defendants' easement rights. Accordingly, we hold that the trial court erred in determining that Plaintiffs' erection of gates would not deprive Plaintiffs of the reasonable use of their tract.

### 2. Material Impairment or Unreasonable Interference

¶ 13 As to the second prong, the trial court determined that "[t]he gates erected by Plaintiffs are of a nature to materially impair and unreasonably interfere with the Defendants' right of egress and ingress over the road." Plaintiffs argue that

---

[1] *Ford v. Rice*, 195 Ky. 185, 241 S.W. 835 (1922) (finding two gates across an easement erected by servient estate to be reasonable and necessary to contain grazing animals); *Wille v. Bartz*, 88 Wis. 424, 60 N.W. 789 (1894) (allowing a servient estate owner's gate that prevented the dominant estate owner's livestock from encroaching); *Board of Trustees v. Gotten*, 119 Miss. 246, 80 So. 522 (1919) (ruling that that the trivial labor and trouble incident to the opening and closing of the gate did not in any way interfere with the full enjoyment of the easement); *Watson v. Hoke*, 73 S.C. 361, 364, 53 S.E. 537, 538 (1906) ("To require the defendant to throw his pasture lands open would deprive him of their use[.]").

competent evidence does not support this determination. We disagree and conclude that the trial court's findings as to this prong are supported by the evidence and, in turn, support this determination.

¶ 14        Our Supreme Court has instructed that when "the question of unreasonable obstruction is at issue[, it] should be determined by the jury." *Chesson,* 224 N.C. at 293, 29 S.E.2d at 909.

¶ 15        Here, the trial court, as the fact-finder, found that there were many issues with the gates erected by Plaintiffs, some of which are as follows: The key boxes, where a code had to be entered to open the gate, were located well off the road, requiring Defendants to get out of their car to enter the code. Plaintiffs refused to provide Defendants a remote control. The keypads were temperamental in that a single mistype of the code sometimes locked Defendants out from trying again. The gates would sometimes not function in the cold weather. Plaintiffs' horses sometimes congregated around the gates, making it difficult for Defendants to open the gates while keeping the horses from escaping.

¶ 16        These and the other findings of the trial court, sitting as the fact-finder, support the trial court's determination that the gates, as constructed by Plaintiffs, constituted an unreasonable obstruction. As such, the trial court did not err in ordering Plaintiffs to remove the gates.

### B. Plaintiffs' Right to Erect Gates

¶ 17    In addition to ordering Plaintiffs to remove the existing gates, the trial court declared, "Plaintiffs are prohibited from installing gates across the road used by the Defendants to access their property as shown in [the 2000 map]." In other words, the trial court declared that Plaintiffs have no right to erect gates *at all* on the section of the easement created in 2000, notwithstanding that nothing in the documents creating that section of the easement requires the easement to remain "open." This portion of the trial court order is error. Plaintiffs may erect gates, provided that the gates do not unreasonably interfere with Defendants' use of the easement.

¶ 18    The trial court did not err in determining that Plaintiffs' current gates interfere with Defendants' use of the easement. However, this determination does not prevent Plaintiffs from erecting different gates in the future, so long as those gates do not unreasonably interfere with Defendants' use of the easement. In other terms, as there is no express requirement that the easement remain "open," and as the erection of gates is consistent with Plaintiffs' reasonable enjoyment of their fee simple interest in the easement, Plaintiffs have the right to erect gates across the easement. The only limitation is that the gates cannot be erected in a way that interferes with Defendants' easement rights.

## III. Conclusion

¶ 19    The portion of the trial court's judgment directing Plaintiffs to remove the existing gates is affirmed. The trial court's finding that the current gates

unreasonably interfere with Defendants' use of the easement is supported by the evidence.

The portion of the trial court's judgment declaring that Plaintiffs have no right *at all* to erect gates across the portion of the easement created in 2000 is modified to allow the erection of gates by Plaintiffs, *provided that* the gates would not unreasonably interfere with Defendants' easement rights.

AFFIRMED, AS MODIFIED.

Judge GRIFFIN and JACKSON concur.