IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-503

 No. COA20-322

 Filed 21 September 2021

 Alamance County, No. 17 CVS 1429

 BRUCE TAYLOR AND SUSAN TAYLOR, Plaintiffs-Appellants,

 v.

 THOMAS HIATT, THOMAS R. HIATT and JEWEL HOLLARS, Defendants-
 Appellees.

 Appeal by Plaintiffs from judgment entered 24 October 2019 by Judge D.

 Thomas Lambeth, Jr., in Alamance County Superior Court. Heard in the Court of

 Appeals 12 May 2021.

 Geoffrey K. Oertel for the Plaintiffs-Appellants.

 Timothy W. Gray for the Defendants-Appellees.

 DILLON, Judge.

 I. Background

¶1 Plaintiffs, Bruce and Susan Taylor, own a tract of land in Alamance County.

 Defendants, Thomas Hiatt, his son Thomas R. Hiatt, and his son’s partner Jewel

 Hollars, own a tract of land adjacent to Plaintiffs’ tract.

¶2 Defendants have easement rights to a gravel road that extends across

 Plaintiffs’ tract from Defendants’ tract to a public road. A dispute arose between the
 TAYLOR V. HIATT

 2021-NCCOA-503

 Opinion of the Court

 parties regarding the rights of the parties to the gravel road after Plaintiffs erected

 gates across the gravel road.

¶3 The present appeal is the second appeal of this matter to our Court.

¶4 Prior to the first appeal, the trial court granted Defendants’ summary

 judgment, concluding that Plaintiffs were prohibited “from having any gates, bars,

 fences and the like upon [the easement].” Plaintiffs appealed that judgment. Our

 opinion in the first appeal is reported at Taylor v. Hiatt, 265 N.C. App. 665, 829 S.E.2d

 670 (2019). There, we recognized that a portion of the easement was created in 1986

 and that another portion of the easement was created in 2000. We further recognized

 that, based on the language used in the instruments granting the easement rights:

 (1) Plaintiffs have no right to erect any gate over the portion created in 1986,
 as that grant contained language that the easement was to stay open; and

 (2) Plaintiffs have the right to erect gates across the portion of the easement
 created in 2000, as that grant contained no language requiring that the
 easement remain “open.” However, Plaintiffs’ right is limited to erect gates
 on this portion “when necessary to the reasonable enjoyment of” their tract
 and provided that said gates “are not of such nature as to materially impair
 or unreasonably interfere” with the purpose of Defendants’ easement
 rights. Chesson v. Jordan, 244 N.C. 289, 293, 29 S.E.2d 906, 909 (1944).

 We held that summary judgment was not appropriate, as there was no evidence

 before the trial court showing where along the gravel road Plaintiffs had erected their

 gates. That is, there was no evidence showing whether the gates were erected on the

 portion created in 1986 or whether they were erected on the portion created in 2000.
 TAYLOR V. HIATT

 2021-NCCOA-503

 Opinion of the Court

 We remanded for further proceedings.

¶5 On remand, the trial court conducted a bench trial. At the trial’s conclusion,

 the trial court entered its judgment, ordering Plaintiffs to remove the gates, declaring

 that “Plaintiffs are prohibited from installing gates across the road used by the

 Defendants[.]” Plaintiffs appeal from that judgment.

 II. Analysis

¶6 When the trial court sits without a jury, the standard of review on appeal is

 whether there was competent evidence to support the trial court’s findings of fact and

 whether its conclusions of law are supported by those findings. Sharpe v. Park

 Newspapers of Lumberton, 317 N.C. 579, 583, 347 S.E.2d 25, 28 (1986).

¶7 The trial court found that the gates were erected on the portion of the easement

 that was created in 2000, where the instruments creating those easements do not

 contain a requirement that the easements remain “open.” This finding is not

 challenged on appeal. Notwithstanding, the trial court ordered Plaintiffs to remove

 the gates, concluding that Plaintiffs did not have the right to erect gates on any part

 of the easement. We address each part of the trial court’s order.

 A. Removal of Existing Gates

¶8 We affirm the portion of the trial court’s order directing Plaintiffs to remove

 the existing gates. The seminal case upon which we rely is Chesson v. Jordan, 224

 N.C. 289, 29 S.E.2d 906 (1944). In that case, our Supreme Court explained that a
 TAYLOR V. HIATT

 2021-NCCOA-503

 Opinion of the Court

 private easement “carries with it no implication of a right to deprive the owner of the

 servient estate of the full enjoyment of his property” and “it is subject only to the right

 of passage.” Id. at 293, 29 S.E.2d at 909. Accordingly, the estate owner “may erect

 gates across the way when [1] necessary to the reasonable enjoyment of his estate,

 [2] provided they are not of such nature as to materially impair or unreasonably

 interfere with the use of the lane as a private way for the purposes for which it has

 theretofore been used.” Id. at 293, 29 S.E.2d at 909.

¶9 In its judgment, the trial court determined that Plaintiffs did not satisfy either

 of the two prongs necessary to establish a servient tract owner’s right to erect gates

 on an easement created for the benefit of another. We address each prong below.

 1. Reasonable Use and Enjoyment

¶ 10 As to the first prong, the trial court determined that “the gates erected by the

 Plaintiffs are not necessary to the Plaintiffs’ reasonable enjoyment of their estate.”

 Plaintiffs argue that the gates are an integral component of their fencing system

 necessary to contain horses on their agricultural land. We agree with Plaintiffs.

¶ 11 The undisputed facts in this case include that Plaintiffs use their tract for

 agricultural purposes (for keeping horses) that the Plaintiffs have fenced in their

 tract, and that the Plaintiffs have erected the gates to prevent their horses from

 escaping. Our Supreme Court has recognized that this type of use is reasonable:

 Plaintiff uses his land for agricultural purposes which
 TAYLOR V. HIATT

 2021-NCCOA-503

 Opinion of the Court

 requires fencing. To prohibit the erection of gates would
 deprive him of the reasonable use of his land.

 Id. at 293, 29 S.E.2d at 909. Other jurisdictions have likewise determined that a

 reasonable use of property includes the installation of gates on an easement by the

 owners of the servient estate for the purpose of containing their grazing animals.1

¶ 12 It may be, as Defendants argue, that Plaintiffs could reasonably contain their

 horses without fencing in the easement portion of their land. However, this argument

 misses the point that Plaintiffs are the fee simple owners of the easement land, and

 as such, have the right to make reasonable use of that land so long as said use does

 not unreasonably interfere with Defendants’ easement rights. Accordingly, we hold

 that the trial court erred in determining that Plaintiffs’ erection of gates would not

 deprive Plaintiffs of the reasonable use of their tract.

 2. Material Impairment or Unreasonable Interference

¶ 13 As to the second prong, the trial court determined that “[t]he gates erected by

 Plaintiffs are of a nature to materially impair and unreasonably interfere with the

 Defendants’ right of egress and ingress over the road.” Plaintiffs argue that

 1 Ford v. Rice, 195 Ky. 185, 241 S.W. 835 (1922) (finding two gates across an easement

 erected by servient estate to be reasonable and necessary to contain grazing animals); Wille
 v. Bartz, 88 Wis. 424, 60 N.W. 789 (1894) (allowing a servient estate owner’s gate that
 prevented the dominant estate owner’s livestock from encroaching); Board of Trustees v.
 Gotten, 119 Miss. 246, 80 So. 522 (1919) (ruling that that the trivial labor and trouble incident
 to the opening and closing of the gate did not in any way interfere with the full enjoyment of
 the easement); Watson v. Hoke, 73 S.C. 361, 364, 53 S.E. 537, 538 (1906) (“To require the
 defendant to throw his pasture lands open would deprive him of their use[.]”).
 TAYLOR V. HIATT

 2021-NCCOA-503

 Opinion of the Court

 competent evidence does not support this determination. We disagree and conclude

 that the trial court’s findings as to this prong are supported by the evidence and, in

 turn, support this determination.

¶ 14 Our Supreme Court has instructed that when “the question of unreasonable

 obstruction is at issue[, it] should be determined by the jury.” Chesson, 224 N.C. at

 293, 29 S.E.2d at 909.

¶ 15 Here, the trial court, as the fact-finder, found that there were many issues with

 the gates erected by Plaintiffs, some of which are as follows: The key boxes, where a

 code had to be entered to open the gate, were located well off the road, requiring

 Defendants to get out of their car to enter the code. Plaintiffs refused to provide

 Defendants a remote control. The keypads were temperamental in that a single

 mistype of the code sometimes locked Defendants out from trying again. The gates

 would sometimes not function in the cold weather. Plaintiffs’ horses sometimes

 congregated around the gates, making it difficult for Defendants to open the gates

 while keeping the horses from escaping.

¶ 16 These and the other findings of the trial court, sitting as the fact-finder,

 support the trial court’s determination that the gates, as constructed by Plaintiffs,

 constituted an unreasonable obstruction. As such, the trial court did not err in

 ordering Plaintiffs to remove the gates.

 B. Plaintiffs’ Right to Erect Gates
 TAYLOR V. HIATT

 2021-NCCOA-503

 Opinion of the Court

¶ 17 In addition to ordering Plaintiffs to remove the existing gates, the trial court

 declared, “Plaintiffs are prohibited from installing gates across the road used by the

 Defendants to access their property as shown in [the 2000 map].” In other words, the

 trial court declared that Plaintiffs have no right to erect gates at all on the section of

 the easement created in 2000, notwithstanding that nothing in the documents

 creating that section of the easement requires the easement to remain “open.” This

 portion of the trial court order is error. Plaintiffs may erect gates, provided that the

 gates do not unreasonably interfere with Defendants’ use of the easement.

¶ 18 The trial court did not err in determining that Plaintiffs’ current gates

 interfere with Defendants’ use of the easement. However, this determination does

 not prevent Plaintiffs from erecting different gates in the future, so long as those

 gates do not unreasonably interfere with Defendants’ use of the easement. In other

 terms, as there is no express requirement that the easement remain “open,” and as

 the erection of gates is consistent with Plaintiffs’ reasonable enjoyment of their fee

 simple interest in the easement, Plaintiffs have the right to erect gates across the

 easement. The only limitation is that the gates cannot be erected in a way that

 interferes with Defendants’ easement rights.

 III. Conclusion

¶ 19 The portion of the trial court’s judgment directing Plaintiffs to remove the

 existing gates is affirmed. The trial court’s finding that the current gates
 TAYLOR V. HIATT

 2021-NCCOA-503

 Opinion of the Court

 unreasonably interfere with Defendants’ use of the easement is supported by the

 evidence.

¶ 20 The portion of the trial court’s judgment declaring that Plaintiffs have no right

 at all to erect gates across the portion of the easement created in 2000 is modified to

 allow the erection of gates by Plaintiffs, provided that the gates would not

 unreasonably interfere with Defendants’ easement rights.

 AFFIRMED, AS MODIFIED.

 Judge GRIFFIN and JACKSON concur.