THE BEECHWOOD PARK LAND COMPANY ET AL., PROSE-
CUTORS, v. THE CITY OF SUMMIT AND J. EDWARD
ROWE, CLERK, &c.

Submitted December 4, 1908—Decided February 23, 1909.

1. The opening of a new street auu its grading, paving, &c., are all parts of a single scheme of improvement; and municipal proceedings that include these several matters in one ordinance are not invalid on that account.

2. An ordinance for the grading, paving and otherwise improving a street is not invalid because it omits to specify the methods of work and character of materials in minute particulars.

3. An ordinance entitled "An ordinance to open, grade, macadamize and otherwise improve" a new street designated in such title, contained provisions for the taking of the lands required for such street, by condemnation, and the payment of proper damages for such taking. *Held*, that the word "open" implies the acquisition by condemnation, if such acquisition be necessary, of the lands required for such opening, and that the title sufficiently indicates an intent to condemn.

4. When negotiations for the purchase of land are a jurisdictional prerequisite to the exercise of the right of eminent domain, and no effort to negotiate has been made, an objection to the condemnation proceedings on this ground by the owner is not met by undertaking to show that the land in question had been dedicated for the use to which the proceeding is intended to subject it.

---

On *certiorari*.

Before Justices GARRISON, VOORHEES and PARKER.

For the prosecutors, *Atwood L. De Coster* and *Herbert Boggs.*

For the defendants, *Corra N. Williams.*

The opinion of the court was delivered by

PARKER, J. This writ of *certiorari* brings up for review certain proceedings of the municipal authorities of the city of Summit, for the opening and general improvement of a new street called Hawthorne place, especially as they bear on the taking of certain lands of the prosecutors lying within the lines of such street. The proceedings are regulated by sections 48 *et seq.* of "An act relating to and providing for the government of cities of this state containing a population of less than twelve thousand inhabitants." *Pamph. L.* 1899, *pp.* 96, 118. The procedure is for the common council to give notice by advertisement of their intention to make the improvement contemplated, with an opportunity for objection by persons interested, after which the council may pass an ordinance providing for such improvement, and thereafter may act by resolution. When land is to be taken and the council cannot agree with the owner as to price, the council, by section 52, is to make written application to the board of city assessors, to estimate and assess the damages of the owner by reason of the taking of his land, "which application shall specify the improvement and the land or other real estate with the appurtenances intended to be taken for such purpose."

In the present case the city engineer was directed to prepare plans and specifications for the "opening, grading, macadamizing, guttering and laying of a four foot cement sidewalk and otherwise improving a new street," &c. Notice of intention was duly published and followed by the introduction of the ordinance, whose title specified that it was "to open, grade, macadamize and otherwise improve" the new street. The application to the board of city assessors was couched in the form of a resolution, reciting that the council

had determined to take the lands and real estate necessary to be taken, and could not agree with the owners, and calling on the assessors to make an estimate and assessment of the damages sustained by the owners of the lands and real estate necessary to be taken, &c.

The first three reasons urged by prosecutors challenge the inclusion in one notice and ordinance of the opening and one or more forms of improvement. The accepted rule seems to be that the inclusion in one proceeding of two or more improvements is illegal, but we are not prepared to say that the opening and working of a new street constitute more than one improvement. We think the rule refers to improvements in more than one street, as in *Church* v. *People,* 179 *Ill.* 205, and *People* v. *Latham,* 203 *Id.* 9, and not as in the present case to a single scheme of improvement embracing the opening and adapting for public use of a new street. We are not disposed to set aside either the notice or the ordinance on this ground.

It is next objected that the ordinance is vague and uncertain in failing to specify the particulars of material and work. The ordinance specified that the work is to be done in accordance with a survey and map filed in the city engineer's office. It calls for grading, macadamizing and eight-foot sidewalks paved with cement four feet wide, and gutters paved with cobble stone. This sufficiently indicates the nature of the improvements, and the details are properly left to specifications that may be afterwards adopted by resolution.

The next objection, that the second reading of the ordinance was by title, is without force if the title sufficiently discloses its object. *Anderson* v. *Camden,* 29 *Vroom* 515. We think the title fairly discloses the object of the ordinance. It is said that neither the taking of land nor the intent to assess is indicated by this title. But the opening of a street necessarily implies the taking of land for the purpose, if necessary, and from this as well as from the working of the street, an assessment naturally is to be expected.

The sixth reason is that the common council has not treated with the owner or owners of the land to be taken,

and has not attempted in any way to agree with said owner or owners as to the price thereof. Under this the prosecutors attack the resolution of May 5th calling on the assessors for a valuation of the lands necessary to be taken for the opening of the street in question, in which are included the lands of prosecutors. We think the point is well taken. It is conceded that no negotiation was had or attempted, and the evidence shows that prosecutors were both accessible and ready and willing to negotiate. If, therefore, their land was intended to be taken, there is no excuse for not endeavoring to agree on the price. The proceeding is a condemnation and should be strictly pursued. The answer of the city is that it is not obliged nor does it intend to pay for the prosecutors' land because it has already been dedicated for the purpose of the street in question, but this does not help the matter. The city says by its request to the board of assessors that it intends to take the lands necessary to be taken for the opening of the street, and asks them to appraise their value. This being in form a determination to condemn lands of prosecutors, they are entitled to resist it as not founded on any attempt to agree as to price, and the city cannot be heard to say in the same breath that it proposes to take their lands and pay for them, and is excused from negotiating because they are dedicated. If dedicated, condemnation is needless. If not dedicated, proceedings to condemn must be prefaced by an attempt to agree.

The resolution of May 5th, 1908, embodying a request to the board of assessors to appraise the damages for taking of land so far as it affects the prosecutors, will be set aside, with costs.