### S. B. ALEXANDER v. AUTENS AUTO HIRE ET AL.

(Filed 8 May, 1918.)

**Appeal and Error—Divided Court—Alleyways—Obstruction—Judgments.**

On this appeal by both parties to an action between abutting owners on an alley, seeking to restrain defendants from obstructing it with a cross-action to prevent plaintiff from maintaining a fence across it, the court is equally divided, one member not sitting or taking part therein, and the judgment of the Superior Court restraining the plaintiffs from maintaining the gate and defendants from obstructing the alley is affirmed.

CLARK, C. J., did not sit.

APPEAL by both parties from *Webb, J.,* at the October Term, 1917, of MECKLENBURG.

This is an action to restrain the defendants from parking automobiles in or otherwise obstructing a certain alley, and a cross-action to prevent the plaintiff from maintaining a gate across or partly across the alley.

The plaintiff and defendants own adjoining lots in the city of Charlotte, and there is a public garage on the lot of the defendants abutting on the alley.

Both parties claim title under Charles J. Fox, and in the deed under which the plaintiff claims the lot on which the plaintiff lives is conveyed, and also another lot "now used as an alley," twenty feet wide, which runs between the residence lot of the plaintiff and the lot of the defendants, and is the alley in question.

Following the description of the alley in the deed there is the following reservation: "Reserving to the said C. J. Fox, his heirs and assigns, forever the right of using and occupying the said twenty feet of land as above described as a street."

Upon the trial the plaintiff tendered the following issues:

1. Is the alleyway mentioned in the pleading a private alleyway?

2. Has the owner of the servient tenement the right to erect gates and fences across the alleyway?

His Honor declined to submit the issues, and the plaintiff excepted to the refusal to submit the second issue tendered.

Judgment was then rendered restraining the plaintiff from maintaining gates across the alley, and restraining the defendants from parking automobiles in or otherwise obstructing the alley, and both parties appealed.

*Julia M. Alexander for plaintiff.*
*Tillett & Guthrie for defendants.*

PER CURIAM: The *Chief Justice* has declined to participate in the consideration of these appeals because of his relationship to the plaintiff. The other members of the Court are unanimous in the opinion that there is no error in the appeal of the defendants, and being equally divided as to the correct disposition of the appeal of the plaintiff, both appeals must be affirmed under the precedents, which require a majority of the Court to reverse a judgment of the Superior Court.

Two members of the Court are of opinion that while the alley is not strictly a public one, as between the parties to the deeds and those claiming under them the right of using and occupying all of the twenty feet as a street is reserved in the deeds and, if so, the plaintiff cannot interfere with the use of occupation of any part of it by erecting gates; while the other two members of the Court are of opinion that the alley is a private way; that the defendants are only entitled to a reasonable use of it, and that the question ought to be submitted to a jury as to whether erecting gates by the plaintiff will unreasonably interfere with the rights of the defendants.

Affirmed on both appeals.