The bill is for an injunction to prevent defendants' interference with complainant's use of a five-foot alleyway between the dwellings of the parties and to compel the removal of concrete steps constructed at the entrance thereto and maintained by the defendant Athens, who is lessee of the defendant Gill. The fee is in the defendant Gill, but complainant, by mesne conveyances, has succeeded to the right to its use granted by deed from Nathan Finkel to John J. McCormick in 1907 in the following terms:
"It is hereby agreed between the parties hereto that a strip of land five feet front and rear, beginning at a point on the westerly side of Smith street thirty feet southwesterly from the corner of the southerly line of Livingston street and running southwesterly along the said line of Smith street, to the most southerly line of the tract hereby conveyed, being ninety-six feet, more or less, deep, running to the line of property now or formerly of John Norris, trustee, shall be *Page 511 
kept open as an alleyway by the parties to these presents, their heirs and assigns forever."
About four years ago complainant built a one-car garage in the rear of his premises, and since then, over defendant Gill's objection, has been using the alleyway, together with approximately three feet of his own land, as a driveway for his automobile, that being the only means of access to the garage with an automobile, until prevented from so doing by the defendants.
Defendant, by counter-claim, asks that the complainant be restrained from using the alleyway as a passageway for vehicles, and that he be required to remove the stone flagging and concrete pavement laid by him on the five-foot strip.
The case is submitted upon an agreed state of facts and briefs.
It is argued, on behalf of the defendants, that the fact that the alleyway is only five feet wide indicates that it was never intended by the parties that it should be used as a driveway for an automobile, because an ordinary automobile is approximately six feet wide. There is nothing in the agreed state of facts as to the width of automobiles, but my own observation is that some automobiles, e.g., an Austin, can be driven on a five-foot strip. The complainant had at the time of the grant, and still has, three feet of land adjoining the house on his premises, and contiguous to the alleyway in question, which is open and unobstructed. In the absence of any restriction in the grant, it is reasonable to conclude that the easement was created to be used in conjunction with the passageway on complainant's own land, and for the very purpose of enlarging this passageway sufficiently to allow for the passage of vehicles. There was no need for an easement to accommodate persons on foot, since the three-foot strip on complainant's land would have sufficed for this purpose.
Defendant calls attention to a restriction on her own property contained in the deed from Finkel to McCormick by which the easement was created. The restriction is against erecting or moving upon defendant's property, any barn, stable, or outbuilding. Defendant contends that this restriction *Page 512 
shows an intention on the part of the grantor (Finkel) that no vehicles should be used upon complainant's land. But since no restriction was put upon complainant's land, the inference is directly contrary to this contention. The maxim "expressio uniusest exclusio alterius" is clearly applicable.
There is no limitation or restriction on the use of the easement in the instrument creating it.
In Shreve v. Mathis, 63 N.J. Eq. 170, Vice-Chancellor Grey said (at p. 178):
"The last point made by the defendant is his claim that the right of way is over a private alley, and that the use to be made of it must be as a footway for the owners, and not as a foot and wagon way for themselves and such as may have business with them. The agreement for the way contains no specifications of any particular manner in which the alley should be used. It imposes no limitations on the extent of the use. It is declared that it shall be a free and unobstructed right of way over a private alley. Any use consistent with the use of a way is within theagreement. A footway, a wagonway, a passage for horses or otheranimals are all permissible uses of a way * * *. Nor is the owner of the way limited to its use by himself in propriapersona. The way belongs to him as his property." (Italics mine.)
See, also, the language of Vice-Chancellor Walker in the case of Diocese of Trenton v. Toman, 74 N.J. Eq. 702.
The defendant will be enjoined from interfering with the complainant's use of the alleyway as a driveway and will be required to remove the stone steps.
The complainant, on the other hand, had no right, over the defendant's objection, to improve the alleyway by the flagging and the concrete. Lorenc v. Swiderski, 109 N.J. Eq. 147. And he will be required to restore the alleyway to the condition in which he found it. *Page 513