DAVID SACHS *vs.* BENJAMIN L. TOQUET ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 3d, 1935—decided January 15th, 1936.

*William H. Reeves,* with whom, on the brief, were *Earl H. Jagoe,* and *J. Kenneth Bradley,* for the appellant (plaintiff).

*Earle W. Smith,* for the appellees (defendants).

BANKS, J.   The parties are the owners of adjoining parcels of land located on the south side of State Street in the town of Westport, the property of the plaintiff being bounded on the east by that of the defendants. These properties are subject to a way created in 1891 in the distribution of the estate of Mary N. Bradley, who had owned both pieces, in which it was agreed that the distributees, predecessors in title to the parties to this action, would each maintain five feet of the premises for a passway from the street to the rear of the property now owned by the plaintiff.   There are buildings upon both lots which are ten feet apart and are separated by the ten-foot driveway created in the certificate of distribution.   The plaintiff's building has been used as a general grocery store by the plaintiff and his predecessors in title since prior to 1891.   In 1891 and for many years prior thereto there was a set of double doors on the east side of the building at which goods were loaded and unloaded.   Shortly after 1891 a double door was cut into the rear of the building and was used for loading and unloading goods for the store, and in 1917 the plaintiff discontinued using the side doors for such purpose, but has continued to use the rear doors.   During all this period, while the side doors were in use, vehicles loading or unloading merchandise through them stood in the driveway while so engaged, and vehicles which have used the rear doors for such purpose have stood wholly or in part upon the driveway.   The right of the plaintiff to make

use of the driveway for such purpose is the principal question in issue.

Other issues raised in the complaint and the cross-complaint as to which each party claimed injunctive relief appear to be no longer contested. The plaintiff, in an amendment to his prayer for relief, asked a declaratory judgment as to whether he had the right to permit vehicles to stand upon the common right of way or any portion thereof for such period of time as might reasonably be necessary to load and unload merchandise in connection with his business. The plaintiff appeals from the judgment declaring that he has no right to park on the driveway beyond what would constitute a reasonable opportunity to turn into his own land west of the driveway and south of his building.

The certificate of distribution to the predecessors in title of the parties created a right of way by deed in each over a five-foot strip of land of the other, the land of each being at the same time the servient estate as to one five-foot strip and the dominant estate as to the other. Thus each owner acquired the right to use the common ten-foot driveway without interference by the other. The plaintiff's claim of the right to permit vehicles to stand upon the driveway for purposes of loading and unloading is based, first, on the original grant creating the common driveway, and, second, upon a claimed adverse user for more than fifteen years by which his rights in the driveway were extended and increased. The complaint alleges the existence of the respective rights of way over the two five-foot strips, and an open, notorious and adverse use of the driveway by the plaintiff for loading and unloading since 1912. It is at least doubtful whether the complaint furnishes any basis for a claim of the right to such use under the original grant.

If we assume that the respective rights of the parties to the use of the common driveway under the original grant creating it are in issue under the pleadings, it is clear that the plaintiff did not acquire, under that grant, the broad right, now claimed by him, to permit vehicles to stand upon the common right of way so long as necessary to load and unload merchandise at his store even though such use of the driveway interfered with its use by the defendants. The distribution contained no provision as to the use which the parties owning the adjoining premises might make of the passway, but the land is set aside simply "for a passway or driveway." In determining what is a reasonable use, the grant is to be construed in the light of the situation of the property and the surrounding circumstances, for the purpose of ascertaining and giving effect to the intention of the parties. *Peck* v. *Mackowsky*, 85 Conn. 190, 194, 82 Atl. 199. The long continued use of the passway for the purpose of loading and unloading merchandise at the store upon the plaintiff's property indicated an intention of the parties that it might be used for that purpose. But the plaintiff has, under the grant, no right to make any use of the passway which would unreasonably interfere with its use by the defendants. The parking of vehicles upon the passway to the extent claimed by the plaintiff, if done at a time when the defendants desired to exercise their right to the use of the passway, would constitute an unlawful interference with the latter's right of way. *Alexander* v. *Auten's Auto Hire, Inc.*, 175 N. C. 720, 95 S. E. 850; *Abney* v. *Twombly*, 39 R. I. 304, 97 Atl. 806. The plaintiff chiefly relies upon a right based upon his claimed adverse user of the driveway in this manner for more than the prescriptive period.

The following additional facts relevant to this issue

appear in the finding: In the rear of plaintiff's store there was at the time of the distribution a vacant lot forty feet in depth and thirty feet in width upon which there was ample room to park and turn vehicles on plaintiff's land, and it was the custom of vehicles to park there when loading and unloading at the rear door of plaintiff's store as well as in the driveway. In 1920 or 1921 plaintiff built a garage on this lot, and since then vehicles have found inconvenience in parking wholly on plaintiff's land, though it is found that the plaintiff has ample room on his own land to reasonably load and unload merchandise to and from the store. For five or six years past large trucks have stood in the rear of the store at right angles to the driveway, and either wholly or in part upon it, for the purpose of delivering goods at the rear door. Since 1891 vehicles loading and unloading through the rear door have stood daily either wholly or in part upon the driveway without complaint or objection on the part of anyone, except that in 1928 and again in 1934 the defendants protested against the blocking of the driveway by trucks standing at the southerly end of the store and protruding across the driveway. At all times from 1891 to the date of this action drivers of vehicles standing on the driveway have upon request moved so as to permit other vehicles to pass, except on one occasion in July, 1934, shortly before this action was brought, when the plaintiff told the driver of a truck which was blocking the passage of the automobile of one of the defendants that he had a right to stay there until he had finished unloading his truck. In its conclusions, as set forth in the finding, the trial court stated that by constant and continuous user the plaintiff had a right to permit vehicles to stand upon the driveway for such reasonable length of time as would reasonably permit the loading and unloading of goods

at the rear door of his store. In its declaratory judgment the court found that the plaintiff had no right to park any vehicles upon the driveway beyond what would constitute a reasonable opportunity to turn into the land of the plaintiff west of the driveway and south of plaintiff's store, and that each of the parties had the right to use the driveway without hindrance, interruption or molestation from the other. The conclusion in the finding not only does not support the judgment, but is quite the opposite of that reached in the judgment.

The defendants have filed an assignment of errors in which they attack this conclusion upon the ground that the subordinate facts set forth in the finding do not support it. It is the contention of the defendants that, upon the subordinate facts found, the plaintiff's use of the driveway for parking purposes was a permissive use, not one existing under a claim of right, and therefore could not be held to be adverse. This use by the plaintiff was open, continuous and with the knowledge of the defendants. In order to establish a prescriptive right it must also have been exercised under a claim of right, and thus adverse to the rights of the owner of the servient tenement, that is, a user unaccompanied by any recognition of his right to stop such use. A use by express or implied permission or license cannot ripen into an easement by prescription. *Phillips* v. *Bonadies*, 105 Conn. 722, 725, 726, 136 Atl. 684; Jones, Easements, § 282; 2 Tiffany, Real Property (2d Ed.) § 519. Where there is neither proof of an express license or permission from the landowner, nor of an express claim of right by the person using the way, the character of the use, whether adverse or permissive, is to be determined from the circumstances of the parties and the nature and character of the use. *Phillips* v. *Bonadies*, supra, p. 727. The trial court has

not found that plaintiff's use was exercised under a claim of right or that it was adverse. It has found facts which clearly establish that it was not of that character. The temporary parking of vehicles in the driveway while loading or unloading might have continued for years without interfering with the use of the driveway by the defendants, and such parking would be more consistent with a permissive use as a matter of neighborly accommodation than an invasion of the defendants' rights under a claim of right. Aside from that, the finding that, except for the one incident just prior to the bringing of this action, at all times drivers of vehicles standing upon the driveway moved upon request to permit other vehicles to pass, clearly establishes the character of the plaintiff's use as permissive rather than adverse. This finding is attacked by the plaintiff, but is supported by the evidence, and must stand. It discloses that plaintiff's use of the driveway for parking was accompanied by a recognition of the right of the defendants to pass and repass without interference by such parking, and it is inconsistent with the claim that such parking was exercised under a claim of right.

It follows that the subordinate facts do not support the conclusion in the finding as to the prescriptive right of the plaintiff but do support that of the judgment that each party has the right to use the driveway without hindrance, interruption or molestation from the other. In practical terms we construe this to mean that if a vehicle standing upon the driveway in connection with the store would prevent the use of it by the occupants of defendants' premises, it must be moved without undue delay should any of them need to pass in or out, even though the loading or unloading of the vehicle is not completed. As incidental to his use of the driveway the plaintiff's vehicles may stand

upon it for the purpose of loading or unloading mer-
chandise at his store so long as this does not delay or
interfere with the defendants' use of the driveway.
The portion of the judgment which declares that the
plaintiff has no right to park any vehicle upon the
driveway beyond what would constitute a reasonable
opportunity to turn into his own land should be modi-
fied so that it may clearly appear that the denial of
his right to park is limited to such parking as will un-
reasonably hinder or interfere with the use of the
driveway by the occupants of the defendants' premises.

There is error in part and the case is remanded with
direction to modify the judgment as herein indicated.

In this opinion the other judges concurred.