20 N.J. Super. 309 (1952)
90 A.2d 31
THE TYLER COMPANY, ET AL., PLAINTIFFS-RESPONDENTS,
v.
WALTER HANSEN, JR., ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued June 23, 1952.
Decided July 1, 1952.
*310 Before Judges EASTWOOD, BIGELOW and FRANCIS.
Mr. W. Louis Bossle argued the cause for the respondents.
Mr. Louis B. Le Duc argued the cause for the appellants.
The opinion of the court was delivered by BIGELOW, J.A.D.
The defendants appeal from a summary judgment entered in favor of their adversaries. The question concerns an easement of way. Should the owners of the servient tenements have been enjoined from parking their automobiles in the roadway at any time?
*311 The way was created in 1922 by a covenant executed by the owners of two adjoining tracts of land. The instrument recites that the properties "have a mutual roadway in the rear thereof * * * which was constructed for the mutual use of both properties." And the parties "agree that said roadway shall remain as it is and be used and maintained for the use of each other, * * * that so much of said roadway shown on diagram hereto annexed * * * shall be kept open and maintained for the mutual and joint use of the parties hereto, their heirs and assigns." Extending from the public highway back 150 feet or so, the private road marks the line dividing the two sets of defendants, who between them own the land over which that section of the road runs. It is this part of the roadway that is the subject of the suit. Farther away from the highway it runs through the plaintiffs' lands.
The defendants admit that they have been in the habit of leaving their automobiles in the roadway in front of their respective houses ever since they purchased their premises in 1946, or more recently. But they assert that they have never blocked or obstructed the roadway or parked a car on it opposite an automobile standing on the other side. The roadway is 20 feet 5 inches wide between curbs. The Chancery Division, in broad terms, enjoined the defendants from parking their automobiles in the roadway. Since actual obstruction of the roadway was denied, the summary judgment cannot be upheld unless any parking at all infringes the rights of the plaintiffs.
The plaintiffs put much emphasis on the word "open" in the clause of the agreement, specifying that the way "shall be kept open and maintained."
The verb, to open, used in relation to public roads, may mean (1) to take the necessary legal steps in order to establish the road as a highway, or (2) to put the ground in shape for travel, or (3) by resolution or otherwise to admit the public to the use of the road. Or the expression may, at the same time, convey more than one of these meanings. *312 Matthiessen, etc., Co. v. Mayor, etc., Jersey City, 26 N.J. Eq. 247, 254 (Ch. 1875); Gaines v. Hudson, etc., Comm'rs., 37 N.J.L. 12 (Sup. Ct. 1874); Jersey City v. National Docks R. Co., 55 N.J.L. 194 (Sup. Ct. 1893); Beechwood Park Land Co. v. Summit, 78 N.J.L. 182 (Sup. Ct. 1909).
In Imbriaco v. Engel, 112 N.J. Eq. 253 (Ch. 1933) and Reichert v. Gill, 112 N.J. Eq. 510 (Ch. 1933), there was an agreement in the one case, that the "strip of land shall remain open and unobstructed," and in the other, that the strip "shall be kept open as an alleyway"; but in neither case was special significance given to the quoted words. In Arden v. Boone, 187 S.W. 995 (Tex. Civ. App. 1916), affirmed 221 S.W. 265 (Tex. Com. App. 1920), a grantee agreed "to keep open for a permanent roadway" a part of the land for the use of his grantor. The court held that the parties intended by this clause that the passway should be maintained in the condition it was in at the time of the sale, and further that the grantee need not remove the gates that then stood at the ends of the lane. Patton v. Western, etc., Co., 101 N.C. 408, 8 S.E. 140 (N.C. Sup. Ct. 1888), considered the reservation of a plot 33 feet wide for a street "to be kept open" and held that the grantors were entitled to the use of an unobstructed 33 feet, and that the owners of the servient estate could not build a fence across the way, with a gate in it only 10 feet wide.
It is true generally that the owner of land subject to an easement has all the rights and benefits of ownership of the fee consistent with the enjoyment of the easement. Conversely, he has no right materially to impair or unreasonably to interfere with the use of the easement by the owner thereof. Imbriaco v. Engel, supra. In our opinion, the agreement that the roadway shall be "kept open" did not operate to create other rights and duties than those that generally arise upon the grant of a right of way. The clause was an assurance that neither party would close the roadway, as by building a fence across it, or by other means.
*313 Just as the erection of a permanent structure in a public highway is generally a nuisance, so such an erection in a private way is generally an infringement of the rights of the owner of the dominant estate. Whether the parking of automobiles by defendants, or any temporary specified use of the land by the owner of the servient estate, infringes the rights of the plaintiffs, as the owners of the easement, depends upon all the circumstances of the case, leading to an answer to the question: Does the parking, in mode and extent in which it has occurred, interfere materially with the plaintiff's passage along the roadway? We are not satisfied that any and all parking necessarily is inconsistent with enjoyment of the easement.
The learned judge who awarded judgment in the Chancery Division, felt concluded by Friedman v. Keil, 113 N.J. Eq. 37 (E. & A. 1933). There, the parties had a driveway in common "for ingress and egress by automobile, foot or otherwise." The court said, "It is not to be used by either party for the purpose of storage of refuse or other material. The ash cans and receptacles for refuse should be moved to the defendant's own property." We are not told how wide the alley was or whether the presence of the cans and receptacles actually inconvenienced the complainant, but the decree was granted only after a full hearing and we have no doubt that the particular circumstances of the case were the controlling factors in the decree.
For decisions concerned with parking on private ways,  although not very pertinent to the instant case,  see Sachs v. Toquet, 123 Conn. 60, 183 A. 22, 103 A.L.R. 677 (Conn. 1936); and annotation at p. 682 (Sup. Ct. Err.); Western, etc., Co. v. Kominz Tire Co., 48 N.Y.S.2d 256 (Sup. Ct. 1944); Glander v. Mendenhall, 68 N.E.2d 101 (Ohio Com. Pl. 1942), affirmed 68 N.E.2d 105 (Ohio Ct. App. 1943), and Penn Bowling etc. Center v. Hot Shoppes, Inc., 86 U.S. App. D.C. 58, 179 F.2d 64 (D.C. App. 1949).
Judgment reversed. Costs will await the outcome of the action.